# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHIME CAPITAL, LLC; CHIME FINANCIAL, INC.;
THE BANCORP BANK, N.A.;
and DOES 1 through 75, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HUMBERTO S. CORREA

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Francisco Superior Court - Civic Center Courthouse
400 McAllister St., San Francisco, CA 94102-4514

</td><td>

CASE NUMBER: *(Número del Caso):*

**CGC-24-611905**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Joseph S. Green, Esq.

Auto Fraud Legal Center LLP, 9988 Hibert St., Suite 150, San Diego, CA 92131, (858) 348-1005

<table>
<tr><td>

DATE:
*(Fecha)* **01/26/2024**

</td><td>Clerk, by
*(Secretario)* **AUSTIN LAM**</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Chime Capital, LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* a limited liability company
4. ☐ by personal delivery on *(date)*

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>

**SUMMONS**

</td><td>

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

</td></tr>
</table>

1  AUTO FRAUD LEGAL CENTER LLP
   Joseph S. Green (SBN 251169)
2  9988 Hibert Street, Suite 150
   San Diego, California 92131
3  Telephone: (858) 348-1005
   Facsimile: (858) 348-1150
4  *josh.green@autofraud.com*
   Attorneys for Plaintiff

5

6

7

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/26/2024**
**Clerk of the Court**
BY: AUSTIN LAM
Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10  HUMBERTO S. CORREA;

11        Plaintiff,

12        v.

13  CHIME CAPITAL, LLC;
    CHIME FINANCIAL, INC.;
14  THE BANCORP BANK, N.A.;
    and DOES 1 through 75, inclusive,

15        Defendants.

16

17

18

19

Case No.
                    **CGC-24-611905**

Complaint

1.  Violations of the Consumers Legal
    Remedies Act;
2.  Civil Theft;
3.  Intentional Misrepresentation;
4.  Concealment;
5.  Negligent Misrepresentation;
6.  Violation of the Electronic Fund Transfer
    Act;
7.  Violations of the Unfair Competition
    Law; and
8.  Declaratory Relief.

20      Plaintiff alleges the following against Defendants on information and belief, formed after a

21  reasonable inquiry under the circumstances:

22                          **PARTIES AND VENUE**

23      1.    Humberto S. Correa ("Plaintiff") is an individual who resided in the City of Canoga Park,

24  County of Los Angeles, State of California, at the time the transfers were made to make payments on the

25  contract ("Contract") for the purchase of the 2020 Jeep Cherokee with VIN 1C4PJLCB4LD542712

26  ("Vehicle"), which is the subject of this lawsuit. A true and correct copy of the Contract is attached hereto

27  as Exhibit 1.

28  ///

2.     Defendant Chime Capital, LLC, is or was doing business as in the City of San Francisco, County of San Francisco, State of California, as a banking institution.

3.     Defendant Chime Financial, Inc., is or was doing business as in the City of San Francisco, County of San Francisco, State of California,  as a banking institution.

4.     Chime Capital, LLC, and Chime Financial, Inc., are collectively referred to as Chime.

5.     Defendant The Bancorp Bank, N.A. ("Bancorp"), is and was, at all material times, conducting business in the State of California, doing business in the County of San Francisco as a financial institution.

6.     Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise, of Defendants sued herein as Does 1 through 75, inclusive, and thus names them under the provisions of Code of Civil Procedure § 474. Defendants Does 1 through 75 are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are liable to Plaintiff or they are the alter-ego of the Defendants named herein. Plaintiff will set forth the true names and capacities of the fictitiously-named Defendants together with appropriate charging allegations when ascertained.

7.     All acts of Defendants' employees, as hereinafter alleged, were authorized or ratified by the officers, directors, or managing agents of Chime and Bancorp.

## SUMMARY OF ALLEGATIONS

8.     Prior to 2021, Plaintiff opened an account with Chime and Bancorp, account number ending in -4592.

9.     On January 29, 2021, Plaintiff's mother Elsa Correa purchased the new 2020 Jeep Cherokee with VIN 1C4PJLCB4LD542712 from WB Simi Valley CDJR.

10.     Ms. Correa signed the Contract which included the following terms: $26,795.00 cash price; $7,000.00 down payment; $25,764.35 amount financed; 3.69% annual percentage rate; $3,169.15 finance charge; 75 monthly payments of $385.78 starting on March 15, 2021; and a total sale price of $35,933.50.

11.     WB Simi Valley CDJR sold the Contract to Chrysler Capital.

/ / /

12.     When making the purchase, Ms. Correa intended to use Plaintiff's account with Chime and Bancorp to make automatic monthly payments to Chrysler Capital under the Contract. In fact, she set up auto-billing through the account with Chime and Bancorp to make her payments to Chrysler Capital.

13.     From March 2021 through September 2021, the monthly payments were made to Chrysler Capital from Plaintiff's account. The payments appeared on Plaintiff's Chime account statements and there were no issues with these payments.

14.     Plaintiff continued to use his account to make the monthly payments to Chrysler Capital for the months of October 2021, November 2021, December 2021, and January 2022. However, in February 2022, Chrysler Capital contacted Ms. Correa and told her that her monthly payments for the months of October 2021, November 2021, December 2021, and January 2022 had not been received by Chrysler Capital.

15.     Plaintiff contacted Chime. Chime initially confirmed that the funds were debited from the account and transferred to Chrysler Capital. Chime provided Plaintiff with statements indicating the funds were debited from his account and transferred to Chrysler Capital.

16.     Plaintiff provided Chrysler Capital the records it received from Chime showing that the payments from Plaintiff's account had been made to Chrysler Capital.

17.     In April 2022, Chrysler Capital repossessed the Vehicle from Ms. Correa for failure to make her payments under the Contract. Chrysler Capital sold the Vehicle and is seeking to collect a deficiency balance owed because the amount obtained from the sale of the Vehicle did not cover the balance owed under the Contract.

18.     In June 2022, Ms. Correa filed an action against Chrysler Capital claiming it improperly repossessed the Vehicle because she had made the monthly payments on the Contract. But, in the action, Chrysler Capital produced account records showing Chrysler Capital never received the monthly payments supposedly sent by Chime and Bancorp.

19.     In approximately October 2023 and November 2023 Plaintiff contacted Chime and/or Bancorp and explained that Chrysler Capital had provided documentation indicating it had not received the payments. Chime and/or Bancorp told Plaintiff that the payments from Plaintiff's account to Chrysler

1  Capital for the months of October 2021, November 2021, December 2021, and January 2022 were not
2  showing up in Plaintiff's account records. Plaintiff made multiple attempts to obtain additional
3  information from Chime and/or Bancorp, but Chime and/or Bancorp did not provide additional
4  information. Chime and/or Bancorp claimed to have opened an "investigation" into the disputed
5  payments, but never provided Plaintiff with additional information on what happened to the money that
6  was debited from his account.

7      20.     Plaintiff brings this action because according to Chrysler Capital's records, Chime and
8  Bancorp failed to transfer the funds from Plaintiff's account to Chrysler Capital for the months of October
9  2021, November 2021, December 2021, and January 2022. By debiting Plaintiff's account for those
10  amounts, but failing to transfer the funds to Chrysler Capital, Chime and Bancorp stole Plaintiff's money.

11  **FIRST CAUSE OF ACTION**

12  **Violations of the Consumers Legal Remedies Act, Civil Code § 1750,** *et seq.*

13  **(As to Chime, Bancorp, and Does 1-75)**

14      21.     Plaintiff incorporates herein each and every allegation set forth above.

15      22.     The Vehicle constitutes "goods" bought for use primarily for personal, family, or
16  household purposes pursuant to Civil Code § 1761(a).

17      23.     The agreement to transfer monies to pay the monthly payments owed on the Contract for
18  the purchase of the Vehicle is a service pursuant to Civil Code § 1761(b)

19      24.     Chime and Bancorp are "persons" pursuant to Civil Code § 1761(c).

20      25.     Plaintiff is a "consumer" pursuant to Civil Code § 1761(d).

21      26.     The agreement to make payments on the Contract for the purchase of the Vehicle is a
22  "transaction" pursuant to Civil Code § 1761(e).

23      27.     Pursuant to the Consumers Legal Remedies Act ("CLRA"), Civil Code § 1770(a), the
24  following unfair methods of competition and unfair or deceptive acts or practices are prohibited:
25  (14) representing that a transaction confers or involves rights, remedies, or obligations which it does not
26  have or involve, or which are prohibited by law; and (16) representing that the subject of a transaction
27  has been supplied in accordance with a previous representation when it has not.

28  / / /

28.     Chime and Bancorp violated the CLRA by, at a minimum: (1) misrepresenting the terms of the transaction; (2) representing they had made payments to Chrysler Capital when they had not; (3) representing they would make payments to Chrysler Capital when they did not; and (4) concealing the terms of the transaction.

29.     Plaintiff mailed, via certified and regular mail, a notice of violations of the CLRA and demand for relief under the CLRA.

30.     Plaintiff has been harmed by Chime's and Bancorp's violations of the CLRA.

31.     At this time, Plaintiff does not seek "damages" under Civil Code § 1780. The CLRA provides that a complaint for violations may be amended without leave of court should the violations not be remedied within 30 days to add a prayer for damages. Should the violations complained of herein not be remedied within the requisite time frame, Plaintiff will amend the Complaint to seek all available relief under the CLRA.

32.     Civil Code § 1780(a)(2) provides that a consumer is entitled to an injunction prohibiting acts or practices that violate the CLRA. Plaintiff seeks an order enjoining Chime and Bancorp from the acts, methods, and/or practices set forth above.

33.     Pursuant to Civil Code § 1780(a)(5), Plaintiff seeks any other relief the Court deems proper.

34.     Pursuant to Civil Code § 1780(e), Plaintiff seeks recovery of his reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Civil Theft – Violation of Penal Code § 496

### (As to Chime, Bancorp, and Does 1-75 Only)

35.     Plaintiff incorporates herein each and every allegation set forth above.

36.     Penal Code § 496(c) permits a victim of theft to bring an action for civil theft: "Any person who has been injured by a violation of subdivision (a)... may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorneys' fees."

37.     Penal Code § 496(a) prohibits a person from (1) buying or receiving any property that has been stolen or has been obtained in any manner constituting theft or extortion, knowing the property to

1    be stolen or obtained, and (2) concealing, selling, withholding, or aiding in concealing, selling, or

2    withholding any property from the owner, knowing the property to be so stolen or obtained.

3         38.    Chime and Bancorp obtained Plaintiff's money by theft, and then withheld, converted,

4    kept, and otherwise misappropriated Plaintiff's money from his account, which rightfully belonged to

5    Plaintiff.

6         39.    Chime and Bancorp committed civil theft and violated Penal Code § 496(a).

7         40.    Under Penal Code § 496(c), Plaintiff seeks three times the amount of his actual damages,

8    as well as his reasonable attorneys' fees and costs associated with this litigation.

9                              **THIRD CAUSE OF ACTION**

10                            **Intentional Misrepresentation**

11                       **(As to Chime, Bancorp, and Does 1-75)**

12        41.    Plaintiff incorporates herein each and every allegation set forth above.

13        42.    Chime and Bancorp made the representations of facts to Plaintiff set forth above.

14        43.    Specifically, Chime and Bancorp represented the following facts were true: (1) they had

15   made payments to Chrysler Capital; and (2) they would make payments to Chrysler Capital.

16        44.    The representations and omissions of material facts made by Chime and Bancorp were

17   false.

18        45.    Chime and Bancorp knew the representations were false when they made them or made

19   the representations and omissions of material facts recklessly and without regard for their truth.

20        46.    Chime and Bancorp intended Plaintiff rely on their representations.

21        47.    Plaintiff was unaware of the falsity of the representations or omissions and reasonably

22   relied upon the truth of those representations by purchasing the Vehicle.

23        48.    Plaintiff's reliance on Chime's and Bancorp's representation was a substantial factor in

24   causing Plaintiff harm.

25        49.    As a direct and proximate result of Chime's and Bancorp's misrepresentations or

26   omissions of material facts, Plaintiff suffered damages, including actual, consequential, and/or incidental

27   damages, according to proof at trial.

28   ///

50.     Material facts pertaining to the purchase of the Vehicle were misrepresented, and, therefore, Plaintiff is entitled to rescission of the Contract and restitution in an amount according to proof at trial.

51.     Chime's and Bancorp's conduct was oppressive, fraudulent, and/or malicious, thereby entitling Plaintiff to punitive damages under Civil Code § 3294. The acts of Chime's and Bancorp's corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of Chime and Bancorp.

## FOURTH CAUSE OF ACTION

### Concealment

### (As to Chime, Bancorp, and Does 1-75)

52.     Plaintiff incorporates herein each and every allegation set forth above.

53.     Chime and Bancorp concealed various facts from Plaintiff, as set forth above.

54.     The above facts were material to the transaction and were known exclusively to Chime and Bancorp.

55.     Chime and Bancorp knew or reasonably should have known the above facts were not known or reasonably discoverable by Plaintiff.

56.     Further, the disclosure of the above facts was necessary to prevent other statements by Chime and Bancorp from being misleading.

57.     Chime and Bancorp thus had a duty to disclose the above facts to Plaintiff.

58.     Chime and Bancorp intended to deceive Plaintiff by concealing the above facts.

59.     Had the above facts been disclosed to Plaintiff, Plaintiff reasonably would have behaved differently.

60.     The concealment of the above facts by Chime and Bancorp was a substantial factor in causing Plaintiff 's harm.

61.     As a direct and proximate result of Chime's and Bancorp's concealment of material facts, Plaintiff suffered damages, including actual, incidental, and consequential damages.

62.     Plaintiff is entitled to rescission of the Contract and restitution.

/ / /

63.    The acts of Chime's and Bancorp's employees were authorized or ratified by an officer, director, or managing agent of Chime and Bancorp.

64.    Chime's and Bancorp's conduct was oppressive, fraudulent, and/or malicious, thereby entitling Plaintiff to punitive damages under Civil Code § 3294.

## FIFTH CAUSE OF ACTION

### Negligent Misrepresentation

### (As to Chime, Bancorp, and Does 1-75)

65.    Plaintiff incorporates herein each and every allegation set forth above.

66.    Chime and Bancorp made the misrepresentations of facts as set forth above.

67.    Specifically, at a minimum, Chime and Bancorp made the following representations of facts to Plaintiff: (1) misrepresenting the terms of the transaction; (2) representing they had made payments to Chrysler Capital when they had not; (3) representing they would make payments to Chrysler Capital when they did not; and (4) concealing the terms of the transaction.

68.    The representations by Chime and Bancorp were not true.

69.    Regardless of their actual belief, Chime and Bancorp made the representations without any reasonable grounds for believing them to be true when they made them.

70.    Chime and Bancorp intended Plaintiff rely on their representations.

71.    Chime and Bancorp failed to exercise due care in ascertaining the accuracy of the representations made to Plaintiff.

72.    Plaintiff reasonably relied upon Chime's and Bancorp's representations and acted in reliance thereon by purchasing the Vehicle.

73.    Plaintiff was unaware of the falsity of the representations and acted in reliance upon the truth of those representations and was justified in relying upon those representations.

74.    As a direct and proximate result of Chime's and Bancorp's negligent misrepresentations of material facts, Plaintiff suffered damages, including all actual, consequential, and incidental damages according to proof at trial. Plaintiff's reliance on Chime's and Bancorp's representations were a substantial factor in causing Plaintiff's harm.

/ / /

75.     Plaintiff was fraudulently induced into entering the Contract and therefore is entitled to rescission and/or restitution in an amount according to proof at trial, including all actual, consequential, and incidental damages.

### SIXTH CAUSE OF ACTION

**Violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq.**

**(As to Chime, Bancorp, and Does 1-75)**

76.     Plaintiff incorporates herein each and every allegation set forth above.

77.     Plaintiff is a consumer under § 1693a(6) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*

78.     Defendants are financial institutions under § 1693a(9).

79.     Defendants agreed to make electronic fund transfers for Plaintiff to Chrysler Capital to make monthly payments on the Contract.

80.     Defendants failed to complete electronic fund transfers for Plaintiff.

81.     Defendants provided Plaintiff with documentation indicating the funds were transferred and debited Plaintiff's account for the funds requested to be transferred to Chrysler Capital.

82.     After June 2023, Chrysler Capital provided Plaintiff with documentation indicating certain transfers had not been made. Plaintiff informed Defendants of Chrysler Capital's claims. Defendants advised Plaintiff the transfers had been made as requested.

83.     Defendants knowingly and willfully concluded that the Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendants at the time of their investigation.

84.     Plaintiff seeks actual and statutory damages under § 1693m(a) and treble damages under § 1693f(e).

85.     Plaintiff seeks attorneys' fees and costs under § 1693m(a).

### SEVENTH CAUSE OF ACTION

**Violations of the Unfair Competition Law, Business & Professions Code § 17200, *et seq.***

**(As to Chime, Bancorp, and Does 1-75)**

86.     Plaintiff incorporates herein each and every allegation set forth above.

87.     Chime and Bancorp committed acts in violation of the Unfair Competition Law ("UCL"), as defined by Business and Professions Code § 17200, *et seq.*, as set forth more fully above. Chime and Bancorp engaged in a course of conduct of systematically violating the consumer laws in this State prohibiting deceptive practices, including the laws of fraud and deceit, and the various prohibitions contained in the CLRA, the Civil Theft Act, and the EFTA.

88.     The harm to Plaintiff outweighs the utility of Chime's and Bancorp's policies and/or practices particularly considering the available alternatives, in that Chime's and Bancorp's policies and/or practices are immoral, unscrupulous, unethical, and/or against public policy. Chime's and Bancorp's policies and/or practices consequently constitute an "unfair" business act or practice under the UCL.

89.     Chime's and Bancorp's deceptive policies and/or practices are also likely to and/or have deceived Plaintiff. Thus, Chime and Bancorp also engaged in "fraudulent" business practices.

90.     Chime and Bancorp violated the UCL by, at a minimum: (1) misrepresenting the terms of the transaction; (2) representing it had made payments to Chrysler Capital when it had not; (3) representing it would make payments to Chrysler Capital when it did not; (4) concealing the terms of the transaction; (5) violating the CLRA; (6) violating the Civil Theft Act: and (7) violating the EFTA.

91.     Plaintiff lost money and suffered injury in fact as a result of Chime's and Bancorp's illegal conduct.

92.     Chime and Bancorp engaged in, and continue to engage in, the same form of deceptive acts and/or practices.

93.     Chime's and Bancorp's unlawful, unfair, and/or fraudulent business acts and practices present a continuing threat to Plaintiff and/or others in that Chime and Bancorp will continue utilizing similar policies and/or practices.

94.     Business and Professions Code § 17203 provides that Plaintiff is entitled to an order enjoining Chime and Bancorp from engaging in acts and/or practices that violate the UCL, and also provides for equitable monetary relief so as to preclude the retention of all ill-gotten monies by Chime and Bancorp or so as to restore any monies wrongfully obtained by Chime and Bancorp to Plaintiff. Plaintiff seeks such equitable monetary relief, and an order, including a public injunction, enjoining

1 | Chime and Bancorp from engaging in the acts and/or practices set forth above, imposing an asset freeze
2 | or constructive trust over such monies as the Court deems appropriate, and compelling a corrective
3 | informational campaign to correct the misperceptions in the marketplace created by such conduct.

### EIGHTH CAUSE OF ACTION

#### Declaratory Relief

#### (As to Chime, Bancorp, and Does 1-75)

7 | 95. Plaintiff incorporates herein each and every allegation set forth above.

8 | 96. Under Code of Civil Procedure § 1060, *et seq.*, the Court may declare the rights, duties,
9 | statuses, and other legal relations regardless of whether further relief is or could be claimed.

10 | 97. An actual controversy has arisen among Plaintiff, Chime, Bancorp, and WB Simi Valley
11 | CDJR as to their respective rights and duties under the Plaintiff's account with Chime and Bancorp, the
12 | Contract for the Vehicle, and alleged debts owed for violations and/or repossession and sale of the
13 | Vehicle.

14 | 98. Plaintiff contends at his request the payments were made or should have been made on
15 | the Contract for the purchase of the Vehicle. Chime and Bancorp contend they were made. Chrysler
16 | Capital contends they were not made.

17 | 99. Plaintiffs seek declaratory judgment from this Court that Plaintiff made the payments
18 | under the Contract, or if they were not made, it was not Plaintiff's fault they were not made.

### PRAYER FOR RELIEF

Accordingly, Plaintiff prays for judgment as follows and as permitted as to each cause of action:

1. for restitution in the amount of $10,000.00;

2. for actual damages in the amount of $35,933.50;

3. for incidental and consequential damages in the amount of $40,000.00;

4. for punitive, statutory, and treble damages where available;

5. no request for damages is made under the CLRA until such time as the CLRA cause of action is amended to add damages;

6. for the equitable and injunctive relief permitted under Civil Code § 1780 and Business & Professions Code § 17203;

7. declaratory relief as requested;

8. for pre-judgment interest at the legal and/or contract rate;

9. for reasonable attorneys' fees and costs of suit as permitted by law (including, but not cited to, Civil Code § 1780(e), Penal Code § 496(c), 15 U.S.C. § 1693m(a), Code of Civil Procedure § 1021.5, and the bond company claims);

10. relief under Business & Professions Code § 17200 as limited as provided by law; and

11. for such other and further relief as the Court deems just and proper under the circumstances.

Dated: January 26, 2024                    AUTO FRAUD LEGAL CENTER LLP

By:  *Joseph Green*
     _____
     Joseph S. Green
     Attorneys for Plaintiff

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Joseph S. Green (SBN 251169)<br>9988 Hibert Street, Suite 150, San Diego, CA 92131<br><br>TELEPHONE NO.: (858) 348-1005   FAX NO.: (858) 348-1150<br>EMAIL ADDRESS: josh.green@autofraud.com<br>ATTORNEY FOR *(Name):* HUMBERTO S. CORREA | ***FOR COURT USE ONLY***<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**01/26/2024**<br>**Clerk of the Court**<br>BY: AUSTIN LAM<br>**Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
 STREET ADDRESS: 400 McAllister St.
 MAILING ADDRESS: 400 McAllister St.
 CITY AND ZIP CODE: San Francisco, 94102
 BRANCH NAME: Civic Center Courthouse

CASE NAME:
Correa, Humberto v. Chime Capital  LLC, et al.

| **CIVIL CASE COVER SHEET**<br>☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $35,000) $35,000 or less) | **Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: **CGC-24-611905** |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☒ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 26, 2024

Joseph S. Green ▶ *Joseph Green*
_____  _____
 (TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]                 **CIVIL CASE COVER SHEET**                 Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**EFS-005-CV**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME:  Joseph S. Green (SBN 251169)<br>FIRM NAME:  Auto Fraud Legal Center LLP<br>STREET ADDRESS:  9988 Hibert Street, Suite 150<br>CITY:  San Diego     STATE:  CA     ZIP CODE:  92131<br>TELEPHONE NO.:  (858) 348-1005     FAX NO.:  (858) 348-1150<br>E-MAIL ADDRESS:  josh.green@autofraud.com<br>ATTORNEY FOR (name):  Plaintiff Humberto Correa     STATE BAR NO.:  251169 | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**01/26/2024**<br>**Clerk of the Court**<br>**BY: AUSTIN LAM**<br>Deputy Clerk |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>STREET ADDRESS: 400 McAllister St.<br>MAILING ADDRESS: 400 McAllister St.<br>CITY AND ZIP CODE: San Francisco, 94102-4514<br>BRANCH NAME: Civic Center Courthouse | |

| | |
|---|---|
| Plaintiff/Petitioner: Humberto S. Correa<br><br>Defendant/Respondent: Chime Capital  LLC, et al. | CASE NUMBER:<br>**CGC-24-611905** |

| | |
|---|---|
| **CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC<br>SERVICE ADDRESS** | JUDICIAL OFFICER:<br><br>DEPARTMENT: |

1.  ☐ The following party   or   ☒ the attorney for:

    a. ☒ plaintiff *(name): Humberto S. Correa*

    b. ☐ defendant *(name):*

    c. ☐ petitioner *(name):*

    d. ☐ respondent *(name):*

    e. ☐ other *(describe):*

    consents to electronic service of notices and documents in the above-captioned action.

2.  The electronic service address of the person identified in item 1 is *(specify):*

    eservice@autofraud.com
    josh.green@autofraud.com

Date:  January 26, 2024

| | |
|---|---|
| Joseph S. Green | *Joseph Green* |
| TYPE OR PRINT NAME | (SIGNATURE OF PARTY OR ATTORNEY) |

Page 1 of 2

**EFS-005-CV**

| CASE NAME: | CASE NUMBER: |
|---|---|

(Note: *If you serve* Consent to Electronic Service and Notice of Electronic Service Address *by mail, you should use form POS-030,* Proof of Service by First-Class Mail–Civil, *instead of using this page.)*

## PROOF OF ELECTRONIC SERVICE

### *CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS*

1. I am at least 18 years old.

   a. My residence or business address is *(specify):*

   9988 Hibert Street, Suite 150, San Diego, CA 92131

   b. My electronic service address is *(specify):*

   itzel@autofraud.com

2. I electronically served a copy of the *Consent to Electronic Service and Notice of Electronic Service Address* as follows:

   a. Name of person served:

   b. Electronic service address of person served:

   On behalf of *(name or names of parties represented, if person served is an attorney):*

   c. On *(date):*

   d. At *(time):*

   ☐ Electronic service of the *Consent to Electronic Service and Notice of Electronic Service Address* on additional persons is described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  January 22, 2024

| Itzel Anguiano | ▶ | *Itzel Anguiano* |
|---|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | | (SIGNATURE OF DECLARANT) |

1  AUTO FRAUD LEGAL CENTER LLP
   Joseph S. Green (SBN 251169)
2  9988 Hibert Street, Suite 150
   San Diego, California 92131
3  Telephone: (858) 348-1005
   Facsimile: (858) 348-1150
4  *josh.green@autofraud.com*

5  Attorneys for Plaintiff

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/26/2024**
**Clerk of the Court**
BY: AUSTIN LAM
Deputy Clerk

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN FRANCISCO – CIVIL CENTER COURTHOUSE

10  HUMBERTO S. CORREA;                    Case No.
                                                      **CGC-24-611905**
11              Plaintiff,
                                          **Plaintiff's Affidavit of Venue Pursuant To**
12        v.                              **California Civil Code § 1780(D)**

13  CHIME CAPITAL, LLC; CHIME FINANCIAL,
    INC.;
14  THE BANCORP BANK, N.A.; and
    DOES 1 through 75, inclusive,
15
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

                                      1
**PLAINTIFF'S AFFIDAVIT OF VENUE PURSUANT TO CALIFORNIA CIVIL CODE § 1780(D)**

1  I, Humberto Correa, declare as follows:

2      1.      I am over 18 years of age, and a Plaintiff in the above-titled lawsuit, and am competent

3  to testify. I have personal knowledge of the facts contained herein and, if called as a witness, could and

4  would testify to such facts.

5      2.      I am the primary account holder for the bank Account 169135154592 with Chime Capital

6  LLC and The Bancorp Bank N.A., that is the subject of this litigation. I opened the account online and

7  I have used it the majority of the time and for the payments in question in this lawsuit in the County of

8  Los Angeles, State of California.

9      I declare under penalty of perjury under the laws of the State of California that the foregoing is

10  true and correct and that is this declaration was signed on the 12          day of ___12_____,

11  2023, _____Canoga park_____, California.              (Day)                (Month)
                    (City)

12

13                                                        H C_____
                                                          Humberto Correa

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 │ AUTO FRAUD LEGAL CENTER LLP
Joseph S. Green (SBN 251169)
2 │ 9988 Hibert Street, Suite 150
San Diego, California 92131
3 │ Telephone: (858) 348-1005
Facsimile: (858) 348-1150
4 │ josh.green@autofraud.com

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**01/26/2024**
Clerk of the Court
BY: AUSTIN LAM
Deputy Clerk

5 │ Attorneys for Plaintiff

6

7

8 │ SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 │ COUNTY OF SAN FRANCISCO – CIVIL CENTER COURTHOUSE

10 │ HUMBERTO S. CORREA;

11 │         Plaintiff,

12 │         v.

13 │ CHIME CAPITAL, LLC; CHIME
FINANCIAL, INC.;
14 │ THE BANCORP BANK, N.A.; and
DOES 1 through 75, inclusive,
15 │
16 │         Defendants.

Case No.
**CGC-24-611905**

**Plaintiffs' Statement of Actual and Punitive Damages [C.C.P. § 425.115]**

20 │ NOTICE TO DEFENDANTS:

21 │     In addition to his demand for rescission of the purchase contract and for attorneys' fees and costs,

22 │ Plaintiff reserves the right to seek $100,000 in actual damages, and $300,000 in punitive damages.

23 │     Both sums are subject to proof at trial, and Plaintiff reserves all rights to seek and obtain additional

24 │ damages when he seeks a judgment in the lawsuit filed against you.

25 │ Dated: January 26, 2024          AUTO FRAUD LEGAL CENTER LLP

26

27 │                By:    *Joseph Green*
                     Joseph S. Green
28 │                      Attorneys for Plaintiff

1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: _____ |
|---|---|
| | **DEPARTMENT 610** |

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and  approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per  party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to  those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-minute mediation session.  Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available  to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no  equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this  program.  www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court  judge familiar with the area of the law that is the subject of the controversy. There is  no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____.

☐   **Other ADR process (describe)** _____

**2)   The parties agree that the ADR Process shall  be completed by (date):** _____

**3)   Plaintiff(s) and  Defendant(s) further agree  as follows:**

_____

_____

| _____ | _____ |
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  10/18                         **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**